UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA

v.  Case No. 21-mj-438 KMM

JOSE ERASMO CRUZ-MARTINEZ

STATE OF MINNESOTA       ss.    **AFFIDAVIT OF TERRENCE W. OLSTAD**
COUNTY OF HENNEPIN

I, Terrence W. Olstad, being first duly sworn under oath, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA) and have been so employed since September 1996. Prior to my employment with the DEA, I was employed by the United States Border Patrol as a Border Patrol Agent from October 1992 to September 1996. I have received extensive training and experience in drug trafficking investigations. During my law enforcement career, I have been involved in the undercover and controlled purchase of narcotics, the management of and extensive debriefing of confidential informants, the tracing of drug proceeds, and the acquisition and execution of over one hundred search warrants. As a result, I have arrested numerous individuals for violating both state and federal statutes with regards to the possession, manufacture, and sale of controlled substances, and for money laundering violations. I have conducted and or participated in numerous state and federal investigations targeting all level of drug traffickers from state and local traffickers to international organizations. Meanwhile, I have routinely applied for and utilized court

orders to obtain cellular telephone GPS tracking, call records, and information contained within devices to further a particular investigation.

2. Based on this training and experience, I am familiar with the ways in which individuals and organizations conduct their drug-related business, including, but not limited to their: (a) methods of distributing narcotics; (b) use of telephone communication devices; and (c) their methods and means to launder money to facilitate their narcotics related activities as well as hide the proceeds of these activities. In that role, my duties and responsibilities include conducting criminal investigations of individuals and entities for possible violations of federal laws, particularly those laws found in Title 18 and Title 21, United States Code (U.S.C.).

3. This affidavit is based on my training, experience, personal knowledge, and observations during the course of this investigation; upon my discussions with other law enforcement officers and agents directly involved in this investigation; and, upon my review of official reports submitted in relation to this investigation. The facts in this affidavit are intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of law enforcement's knowledge about this matter.

4. Based on the facts set forth in this affidavit, I respectfully submit there is probable cause to believe that violations of 21 U.S.C. § 841 (possession with intent to distribute controlled substances) and 18 U.S.C. §2 (aiding and abetting) have been committed by Jose Erasmo CRUZ-MARTINEZ.

2

## PROBABLE CAUSE

5. In the spring of 2021, members of the CEE-VI Drug Task Force (hereinafter CEE-VI DTF) initiated a narcotics investigation into methamphetamine distribution in Minnesota. As a result of this investigation, a person (hereinafter referred to as CRI) was arrested after a "controlled buy" of methamphetamine and the execution of a residential search warrant. The CRI was identified as having a previous federal conviction in 2012 for distribution of methamphetamine. As a result of the controlled buy and execution of the state search warrant, the CRI agreed to cooperate with law enforcement.

6. The CRI identified h/her source of supply for methamphetamine, subsequently positively identified by law enforcement as Jose Erasmo CRUZ-MARTINEZ. On May 17, 2021 members of DEA, the CEE-VI DTF, the Minnesota Bureau of Criminal Apprehension (BCA) and the Northwest Metro Drug Task Force (NWDTF) conducted a "controlled buy" of methamphetamine from CRUZ-MARTINEZ at a trailer located in the Sun Valley Mobile Home Park, Plymouth, Minnesota. This trailer was identified by the CRI as the location where CRUZ-MARTINEZ distributed methamphetamine. During this "controlled buy" of methamphetamine, CRUZ-MARTINEZ distributed two pounds of methamphetamine (field tested positive) to the CRI in exchange for pre-recorded law enforcement buy funds. This "controlled buy" of methamphetamine was recorded via multiple recording devices. Additionally, the CRI and the CRI's vehicle was searched prior to and after the controlled buy, with negative results for contraband.

7. On May 25, 2021, a second "controlled buy" of methamphetamine from CRUZ-MARTINEZ was initiated utilizing the CRI and a DEA Special Agent acting in an undercover capacity (UC). This "controlled buy" occurred at the previously mentioned trailer located in the Sun Valley Mobile Home Park, in Plymouth, Minnesota. As a result of this "controlled buy" of methamphetamine, the DEA UC provided pre-recorded law enforcement buy funds to CRUZ-MARTINEZ and subsequently received approximately one pound of methamphetamine (field tested positive) from CRUZ-MARTINEZ.

8. During the ongoing investigation into CRUZ-MARTINEZ, law enforcement identified an apartment where CRUZ-MARTINEZ resided at on a regular basis. This residence was located on 13th Avenue South in Minneapolis, Minnesota. On or about May 28, 2021, based upon the two "controlled buys" and surveillance of CRUZ-MARTINEZ, the CEE-VI DTF applied for and obtained state search warrants for the trailer located in the Sun Valley Mobile Home Park, in Plymouth, the apartment located on 13th Avenue South in Minneapolis, Minnesota, and a black Infinity SUV utilized by CRUZ-MARTINEZ

9. On June 4, 2021 the above described search warrants were executed by law enforcement. Prior to the execution of the warrants, officers observed the black Infinity SUV depart from the apartment. Plymouth Police squad cars stopped the black Infinity SUV at the entrance of the trailer park in Plymouth, Minnesota. In the black Infinity SUV were CRUZ-MARTINEZ, his wife, and two minor children. During the traffic stop and arrest of CRUZ-MARTINEZ, a full trash bag was taken out of the black Infinity SUV by the wife of CRUZ-MARTINEZ, who did not want to put the bag down or give it to law

enforcement. Law enforcement took custody of the trash bag and transported it to the trailer where it was searched, resulting in the discovery of approximately one pound of methamphetamine. The seized methamphetamine packaged in similar designer bags as the three pounds acquired by law enforcement during the previous "controlled buys" of methamphetamine from CRUZ-MARTINEZ.

10. During the course of the search warrant at the trailer, law enforcement recovered approximately one pound of methamphetamine (field tested positive) from the trash bag which was inside the black Infinity SUV. An additional pound of methamphetamine (field tested positive) was sized from inside a mirror cabinet in the bathroom of the trailer. During a post Miranda statement, the wife of CRUZ-MARTINEZ admitted she and CRUZ-MARTINEZ shared the master bedroom of the apartment in south Minneapolis and anything found in the apartment would belong to CRUZ-MARTINEZ.

11. During the course of the search warrant at the south Minneapolis apartment, approximately seventeen pounds of methamphetamine (field tested positive) was recovered from various locations in the bedroom of CRUZ-MARTINEZ. Approximately 975 grams of cocaine (field tested positive) was also recovered from the master bedroom of the apartment. Additionally, approximately $20,000 in U.S. currency was recovered from the master bedroom. Present during the search warrant at the south Minneapolis apartment were several adult children and relatives of CRUZ-MARTINEZ. All of these subjects stated they lived at the apartment. No children were present at the apartment.

12. Based on the foregoing, I respectfully submit there is probable cause to believe that on or about June 4, 2021, CRUZ-MARTINEZ, aiding and abetting and being

aided and abetted by others known and unknown, possessed with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

Further your Affiant sayeth not.

Terrence W. Olstad
Special Agent, DEA

SUBSCRIBED and SWORN to before me
by reliable electronic means via ~~Zoom~~ FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3),
this 8th day of June 2021.

The Honorable Kate M. Menendez
United States Magistrate Judge

6