UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-151 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Jose Erasmo Cruz-Martinez, | |
| Defendant. | |

This case is before the Court on the Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, and 26.2 (Dkt. 15); Defendant Jose Erasmo Cruz-Martinez's Motion for Discovery (Dkt. 16); Defendant Jose Erasmo Cruz-Martinez's Motion for Release of *Brady* Materials (Dkt. 17); Defendant Jose Erasmo Cruz-Martinez's Motion to Retain Rough Notes (Dkt. 18); Defendant Jose Erasmo Cruz-Martinez's Motion for Disclosure of Rule 404(b) Evidence (Dkt. 19); Defendant Jose Erasmo Cruz-Martinez's Motion for Early Disclosure of Jencks Act Material (Dkt. 20); and Defendant Jose Erasmo Cruz-Martinez's Motion for Disclosure and Production of Confidential Informant(s) (Dkt. 22).

The Court held a hearing on the motions on August 20, 2021 by Zoom for Government. (Dkt. 25.) Andrew S. Dunne, Assistant U.S. Attorney, appeared on behalf of the United States of America ("the Government"), and John S. Hughes appeared on behalf of Defendant Jose Erasmo Cruz-Martinez, who consented to holding the hearing and was present at the hearing by Zoom for Government.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, and 26.2 (Dkt. 15) is **GRANTED** as unopposed.  Further, insofar as the Motion is directed at expert disclosures under Rule 16(a)(1)(G), the parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial, and rebuttal evidence shall be disclosed no less than 10 days before trial.[1]

2. Defendant Jose Erasmo Cruz-Martinez's Motion for Discovery (Dkt. 16) is **GRANTED IN PART** and **DENIED IN PART**.  The Government represents that it does not object to the Motion "insofar as it seeks items that fall within the ambit of" Rule 16, but objects to the extent it seeks materials that fall outside the ambit of Rule 16, and that it has complied with its obligations under Rule 16(a)(1)(A)-(F).  (Dkt. 23 at 2-3.)  The Government shall comply with its discovery obligations under Rule 16.  To the extent the Motion requests material outside of the scope of Rule 16, the Motion is denied.  Further, insofar as the Motion is directed at expert disclosures under Rule 16(a)(1)(G), the parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial, and rebuttal evidence shall be disclosed no less than 10 days before trial.

3. Defendant Jose Erasmo Cruz-Martinez's Motion for Release of *Brady* Materials (Dkt. 17) is **GRANTED IN PART** and **DENIED IN PART**.  It is denied in part as moot based on the Government's representation that it has complied and will

---

[1]  At the hearing, Defense counsel represented that trial is currently set for September 13, 2021, but that Defendant would be moving for a continuance, which the Government does not oppose.  This Order, and the deadlines herein, reflects the anticipated continuation of the trial date.

comply with its obligation to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. (*See* Dkt. 23 at 3.) The Government "objects to the Defendant's motion to the extent that it seeks materials that are not required to be disclosed under *Brady*, *Giglio*, and their progeny." (*Id.* at 4.) To the extent the Motion requests material outside of the scope of *Brady*/*Giglio* information, the Motion is further denied. The Motion is granted in part insofar as within ten (10) days of the date of this Order, the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed, except as otherwise ordered in paragraph 7.

4. Defendant Jose Erasmo Cruz-Martinez's Motion to Retain Rough Notes (Dkt. 18) is **GRANTED** to the extent that the Government represents that it does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes. (Dkt. 23 at 4.)[2] If the Government has not already done so, it is ordered to instruct law enforcement officials involved in the investigation to retain and preserve their rough notes.

---

[2] The Government states that it "opposes any request for the disclosure of those rough notes to the Defendant." (Dkt. 23 at 4.) Defendant's Motion only requests preservation, not disclosure (Dkt. 18), though Defendant's counsel noted at the hearing that to the extent any rough notes are within the scope of Defendant's other motions, the rough notes should be disclosed at the appropriate time. To the extent any rough notes fall within the scope of other Motions addressed by this Order, including but not limited to Defendant's Motion for Release of *Brady* Materials (Dkt. 17), the Government shall disclose the information in accordance with this Order.

5.     Defendant Jose Erasmo Cruz-Martinez's Motion for Disclosure of Rule 404(b) Evidence (Dkt. 19) is **GRANTED IN PART**.  The Government represented that it "will fully comply with [its obligations under Rule 404(b)] should the Government decide to introduce any such Rule 404(b) evidence at trial."  (Dkt. 23 at 5.)  No later than 14 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime.  *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013).  To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence.  Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense.

6.     Defendant Jose Erasmo Cruz-Martinez's Motion for Early Disclosure of Jencks Act Material (Dkt. 20) is **DENIED** insofar as it seeks production of Jencks Act material "at least two weeks prior to the commencement of the trial" or an order for production of Jencks Act material before a witness has testified at trial on direct examination.  The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500.  The Eighth Circuit has repeatedly held that the Government cannot not be required to make pretrial disclosure of Jencks Act material.  *See, e.g., United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act

material early, and it has represented that it agrees to provide any such material no later than three business days before trial if Defendant agrees to do the same, (Dkt. 23 at 7), which, at the hearing, Defendant agreed to do.

7. Defendant Jose Erasmo Cruz-Martinez's Motion for Disclosure and Production of Confidential Informant(s) (Dkt. 22) is **GRANTED**. In support of this Motion Defendant states, "Here, much of the government's case rests on the word of an unknown CRI or CRIs." (*Id.*) The Government states that law enforcement utilized a CRI to make two "controlled buys" of methamphetamine from the Defendant and represents that it has no objection Defendant's request. (Dkt. 23 at 12.) The Government represents that it will disclose the identity of the CRI and make him/her available for a pretrial interview. (*Id.*) Pursuant to the Government's representations at the hearing, the Government shall do so no later than 14 days before trial.[3] The Government further represents that, "to the extent the CRI will be called as a witness at trial, the United States will provide Jencks Act and *Giglio* materials as to that witness no later than three days before trial." (*Id.*) As discussed in paragraph 6, the Government cannot not be required to make pretrial disclosure of Jencks Act material, but nothing in this Order precludes the Government from voluntarily disclosing Jencks Act material early. As to *Giglio* material, the Government must disclose all *Giglio* information in its possession as to the CRI at the

---

[3] At the hearing, counsel discussed whether the disclosure of confidential informants affects Defendant's Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment (Dkt. 21). Counsel shall meet and confer regarding this issue as necessary, and Defendant has leave to file a subsequent, more specific motion if necessary.

time the CRI is identified and, after that identification, must promptly supplement its disclosure upon receipt of any additional *Giglio* information not previously disclosed.

DATED:  August 20, 2021                              *s/Elizabeth Cowan Wright*
                                                     ELIZABETH COWAN WRIGHT
                                                     United States Magistrate Judge