UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-151 (PJS/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) PLEA AGREEMENT AND |
| v. | ) SENTENCING STIPULATIONS |
| | ) |
| JOSE ERASMO CRUZ-MARTINEZ, | ) |
| | ) |
| Defendant. | ) |

The United States of America and the Defendant, Jose Erasmo Cruz-Martinez, agree to resolve this case on the following terms and conditions. This Plea Agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846. As part of this Plea Agreement, and in consideration for his guilty plea, the United States agrees to dismiss the remaining counts against the Defendant at the time of sentencing.

2. **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

    a.    During May and June 2021, the Defendant conspired and agreed with other persons to distribute more than 4.5 KG of methamphetamine.

    b.    Between May 17 and 25, 2021, law enforcement purchased methamphetamine from the Defendant on two separate occasions at a trailer located in the Sun Valley Mobile Home Park in Plymouth, Minnesota. A total of three (3) pounds of methamphetamine were purchased by law enforcement from the Defendant.

    c.    On June 4, 2021, law enforcement executed search warrants for the trailer located in Plymouth, Minnesota, an apartment located in Minneapolis, and a black Infinity utilized by the Defendant. During the execution of these search warrants, law enforcement seized approximately seventeen (17) pounds of methamphetamine and $22,711.

    d.    The Defendant admits and agrees that he unlawfully and intentionally possessed and distributed the methamphetamine (as described herein), he knew it was methamphetamine, and intended to distribute the drugs, as alleged in the Indictment. The Defendant also agrees that he acted voluntarily and knew his actions violated the law.

3. **Statutory Penalties**. The Parties agree that Count 1 of the Indictment carries the following statutory penalties:

    a.    a mandatory minimum sentence of 10 years in prison;

    b.    a maximum of life in prison;

    c.    a supervised release term of at least five years and up to life;

    d.    a fine of up to $10,000,000;

    e.    the forfeiture of drug-related assets; and

    f.    a mandatory special assessment of $100.00.

4. **Immigration Consequences**. The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a serious drug trafficking offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney, the Court, or the United States Attorney's Office, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

5. **Revocation of Supervised Release**. The Defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The Parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq*. Nothing in this Plea Agreement should be construed to limit the Parties from presenting any and all relevant evidence to the Court at sentencing. The Parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a. Base Offense Level. The Parties agree that pursuant to U.S.S.G. § 2D1.1, the base offense level for the violation noted in Count 1 of the Indictment is calculated using the offense level corresponding to the substances noted in paragraph 2, above. Therefore, the Parties agree that the base offense level for the violation and the relevant conduct noted in paragraph 2, above, is **38** (4.5 KG or more of actual methamphetamine). U.S.S.G. §§ 2D1.1(c)(3), 2D1.1(c)(1).

b. Safety-Valve Provisions. The Parties understand that the Sentencing Guidelines currently do not provide for a two-level reduction of the Defendant's offense level should the Court determine he has more than one criminal history point. U.S.S.G. § 2D1.1(b)(18) & 5C1.2. The Government agrees, however, that it will recommend a two-level variance if the Defendant meets the conditions set forth in the statutory "safety-valve" provisions. 18 U.S.C. § 3553(a). The Defendant agrees that if the Court grants a variance on this basis, he will not move the Court at a later time for a sentencing reduction if the Sentencing Guidelines are later amended to bestow a similar reduction.

c. Specific Offense Characteristics. The Parties agree that no other specific offense characteristics apply in this case.

d. Acceptance of Responsibility and Other Chapter Three Adjustments. The Parties agree that if the Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) complies with all conditions of release, including not using illegal substances; (3) testifies truthfully during the change of plea and sentencing hearings; (4) complies with this agreement; and (5) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that the Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The Parties agree that no other Chapter Three adjustments apply in this case.

e. Criminal History Category. Based on information available at this time, the Parties believe that the Defendant's **criminal history category is I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history will be determined by the Court based on the information

presented in the Presentence Report and by the Parties at the time of sentencing.

Notwithstanding the potential applicable Guidelines ranges above, the Defendant acknowledges that he is subject to a statutory minimum penalty of a ten-year mandatory sentence as to Count 1, unless he is determined to be safety valve eligible.

f. Guideline Range. If the Defendant's total offense level is **33** (base offense level of 38, decreased by three for acceptance of responsibility, and decreased by two under the "safety valve" provision), and the Defendant's criminal history category is **I**, the advisory guideline range of imprisonment would be **135-168** months.

If the Defendant's total offense level is **35** (base offense level of 38, decreased by three for acceptance of responsibility, and no "safety valve" reduction), and the Defendant's criminal history category is **I**, the advisory guideline range of imprisonment would be **168-210** months.

g. Fine Range. If the total offense level is **33**, the Guidelines fine range will be $35,000 to $10,000,000. U.S.S.G. §§ 5E1.2(c)(3) and (4). If the total offense level is **35**, the Guidelines fine range will be $40,000 to $10,000,000. U.S.S.G. §§ 5E1.2(c)(3) and (4).

h. Supervised Release. The Sentencing Guidelines call for a term of supervised release of at least five years. U.S.S.G. § 5D1.2.

i. Sentencing Recommendation and Departures. The Parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The Parties also reserve the right to argue for a sentence outside the applicable guideline range.

7. **Discretion of the Court**. The foregoing stipulations bind the Parties but not the Court. The Parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable guideline calculations, including the Defendant's criminal history

5

category and eligibility for a "safety-valve" reduction, are different from that stated above, the Parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100. U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment prior to sentencing.

9. **Forfeitures**. The Defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a) and 28 U.S.C. § 2461(c), all property constituting, or derived from proceeds obtained from the offenses, and all property used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to the items identified in forfeiture allegations in the Indictment. The Defendant agrees that the forfeitures may, at the Government's option, be completed through administrative, civil, or criminal forfeiture proceedings.

10. **Waiver of Freedom of Information Act and Privacy Act**. The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

11. **Waiver of Appeal**. The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the Defendant's sentence if the Court imposes a sentence at or below <u>135</u> months'

imprisonment. The United States hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the Defendant's sentence if the Court imposes a sentence at or above 168 months' imprisonment. In addition, the Defendant understands and agrees that the guilty plea pursuant to this Plea Agreement is a final resolution of the issue of guilt. The Defendant understands that there will not be a trial of any kind on the issue of guilt and waives the right to appeal any judgment of guilt and conviction in this matter. The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

12. **Complete Agreement**. This, along with any agreement signed by the Parties before entry of the Defendant's guilty plea, is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

Dated: 2/7/2022

CHARLES J. KOVATS, JR.
Acting United States Attorney

*Andrew Dunne*

BY: ANDREW DUNNE
Assistant United States Attorney
Attorney ID No. 175195

Dated:

*Jose E Cruz M*
JOSE ERASMO CRUZ-MARTINEZ
Defendant
395763

Dated:

*Derek Hansen For Mr. John Hughes*
JOHN S. HUGHES, ESQ. 185966
Attorney for Defendant